UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GEICO MARINE INSURANCE COMPANY,

                             Plaintiff,

         -against-

LEE MANDEL,
                  Defendant.
---------------------------------------------------------------X

**FILED**
**CLERK**

11:03 am, Oct 07, 2020

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
19-CV-3107 (SJF)(AKT)

FEUERSTEIN, District Judge:

       Pending before the Court is the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated September 18, 2020 ("the Report"), which, *inter alia*, recommends: (a) granting the branches of the motion of plaintiff GEICO Marine Insurance Company ("plaintiff") seeking partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (i) on its third cause of action for judgment declaring that defendant Lee Mandel ("defendant") is not entitled to coverage under the subject insurance policies (the "Yacht Policies") for certain claimed and/or additional, supplemental, or consequential losses arising from the damage to the vessel's engines, for which plaintiff has not already indemnified defendant, based upon the "Legal Action Against Us" time limitation provisions of the Yacht Policies, and (ii) dismissing defendant's (A) counterclaim for breach of contract in its entirety; and (B) counterclaim for breach of the implied covenant of good faith and fair dealing based upon plaintiff's allegedly negligent and/or inadequate investigation of defendant's claims and failure to promptly conclude its investigation of defendant's claim regarding the port engine; and (b) denying the branch of plaintiff's motion seeking summary judgment dismissing defendant's counterclaim for breach of the implied covenant of good faith and fair dealing based upon plaintiff's commencement of the instant action, as opposed to the

1

optional appraisal and dispute process under the Yacht Policies. The Report further indicates: (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of th[e] Report . . . to file written objections," (Report at 24); and (b) that "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal." (*Id.*) (citing *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). Although a copy of the Report was served upon both parties via ECF on September 19, 2020, (*see* DE 14), neither party has filed any timely objections to the Report, nor sought an extension of time to do so. For the reasons set forth below, the Report is accepted in its entirety.

I.      Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas*, 474 U.S. at 150, 106 S. Ct. 466. Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that]

report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is non-jurisdictional and, thus, the Court may excuse a violation thereof "in the interests of justice." *Neita v. Precision Pipeline Sols.*, 768 F. App'x 12, 14 (2d Cir. Apr. 29, 2019) (summary order) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *see also Isigi v. Dorvilier*, 795 F. App'x 31, 34 (2d Cir. Dec. 19, 2019) (summary order) ("While we have discretion to excuse a failure to object 'in the interests of justice,' we will ordinarily not exercise that discretion unless 'the magistrate judge [has] committed plain error.'" (brackets in original)).

II.     Review of Report

Since neither party has filed any timely objections to the Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. As the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety.

3

III.    Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, (a) plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the extent that plaintiff is granted judgment as a matter of law: (i) declaring that defendant is not entitled to coverage under the subject Yacht Policies for the claimed losses and/or for any damage and/or additional, supplemental, and/or consequential losses arising from the purported starboard and/or port engine failures, for which plaintiff has not already indemnified him, pursuant to the "Legal Action Against Us" time limitation provisions in the Yacht Policies, (ii) dismissing defendant's counterclaim for breach of contract in its entirety with prejudice, and (iii) dismissing defendant's counterclaim for breach of the implied covenant of good faith and fair dealing based upon plaintiff's allegedly negligent and/or inadequate investigation of defendant's claims and failure to promptly conclude its investigation of defendant's claim regarding the port engine; and (b) plaintiff's motion is otherwise denied, *i.e.*, the branch of plaintiff's motion seeking summary judgment dismissing defendant's counterclaim for breach of the implied covenant of good faith and fair dealing based upon plaintiff's commencement of the instant action, as opposed to the optional appraisal and dispute process under the Yacht Policies, is denied.

The status conference scheduled before the undersigned on December 8, 2020 is **advanced to November 4, 2020 at 11:00 a.m.** Said conference will be conducted

4

telephonically. At the designated time, the Parties are to call Chambers' teleconferencing

number, **(877) 336-1280**, and follow the automated instructions; the access code is: **7215690**.

SO ORDERED.

       /s/ *Sandra J. Feuerstein*

      SANDRA J. FEUERSTEIN
      United States District Judge

Dated:  October 7, 2020
      Central Islip, New York