**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

GEICO Marine Insurance Company,

    Plaintiff,

v.

Lee Mandel,

    Defendant.

------------------------------------------------------------X

Lee Mandel,

    Counter Claimant,

v.

GEICO Marine Insurance Company

    Counter Defendant.

------------------------------------------------------------X

**MEMORANDUM AND ORDER**

19-CV-3107 (GRB)(AYS)

FILED
CLERK
3:56 pm, Mar 10, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge**:

GEICO Marine Insurance Company commenced this insurance coverage action against Lee Mandel seeking a declaratory judgment as to the rights and obligations of the parties under two yacht insurance policies. Pending before the Court are cross-motions for summary judgment. For the reasons set forth below, Mandel's motion is DENIED and GEICO's motion is GRANTED in its entirety.

*Facts and Procedural History*

Based on this Court's opinion in *GEICO Marine Ins. Co. v. Mandel*, No. 19-CV-3107(SJF)(AKT), 2020 WL 6318948, at *3 (E.D.N.Y. Sept. 18, 2020), *report and recommendation adopted*, No. 19-CV-3107(SJF)(AKT), 2020 WL 5939186 (E.D.N.Y. Oct. 7,

1

2020), the parties' Rule 56.1 Statements, and review of the evidence submitted, the material undisputed facts include the following:

Lee Mandel was the owner of a 52' SeaRay sedan bridge-model seafaring vessel. 2020 WL 6318948, at *3. GEICO issued Mandel two yacht insurance policies for 2015-16 and 2016-17. *Id.* Both policies required that, "With respect to any claim or loss to insured property, the action must begin within one year of the date of loss or damage." *Id.*

In December 2015, Mandel submitted a claim for damage to the starboard, *i.e.*, right-side, engine. GEICO approved piecemeal repairs of approximately $92,400. *Id.* In July 2016, Mandel submitted a supplemental claim for damages caused by a crack in the engine cylinder. *Id.* In August 2016, Mandel submitted a claim for damages to the port, *i.e.*, left-side, engine. *Id.* Afterward, the starboard engine began emitting blue-white smoke. *Id.* GEICO inspected the vessel in September and November 2016 to investigate Mandel's claims. *Id.*

In December 2016, Mandel removed and replaced the starboard and port engines. *Id.* In February 2017, GEICO gave Mandel a supplemental and final payment of approximately $17,400 for damage to the starboard engine. *Id.* GEICO inspected the vessel once again in November 2017. *Id.* GEICO's February 2018 report declined to pay Mandel the replacement cost of the engine because "the decision to proceed with the replacement of Mr. Mandel's engines was made at his direction and not in accordance with the previous settlements issued" since "replacements of both engines and auxiliary components . . . do not represent, as set forth by the policy, a reasonable cost of repair, [but] instead constitute betterment." *Id.* at *3-4. Later that month, GEICO paid Mandel approximately $23,200 for damage to the port engine. *Id.* at *4.

Over a year later, in April 2019, Mandel renewed his demand for the cost of replacing the starboard and port engines – approximately $213,500 after payments received – and advised that he would pursue litigation if not paid. *Id.*

In response, GEICO Marine Insurance Company commenced this insurance coverage action in May 2019 seeking a declaratory judgment that Mandel is not entitled to coverage for the claimed losses. DE 1. The complaint asserts three causes of action based on the insurance policies' exclusions (Counts I and II) and the one-year limitation for bringing legal action (Count III).

In July 2019, Mandel filed a counterclaim, alleging GEICO breached the insurance policy and acted in "bad faith"[1] by (1) paying less than what the insurance policies provide; (2) negligently and/or inadequately investigating his claims; and (3) instituting this legal action instead of pursuing the appraisal process. *See* DE 7, ¶¶ 91-104. The following day, Mandel requested an appraisal under the policies, which state, "If you have met the requirements and conditions of the policy, and if the amount of a covered loss is still in dispute, you or [GEICO] may demand an appraisal of such loss." 2020 WL 6318948 at *4; DE 21-2, ¶ 13; DE 22-3, ¶ 13. GEICO denied the appraisal request, taking the position that the appraisal process was inapplicable since there was a dispute as to the existence of coverage – not the amount of covered loss. 2020 WL 6318948 at *4.

In December 2019, GEICO moved for partial summary judgment on its third cause of action regarding the policies' one-year limitation, and on Mandel's counterclaims for breach of contract and "bad faith." *Id.* at *5. The Court held that Mandel's breach of contract counterclaim based on GEICO's failure to indemnify him for the cost of replacing the engines accrued in February 2018 when GEICO advised Mandel that it declined such payment, and that his claim

---

[1] The Court construed the "bad faith" claim as a claim for breach of the implied covenant of good faith and fair dealing. 2020 WL 6318948 at *9.

based on negligent and/or inadequate investigation accrued when the last vessel inspection occurred in November 2017. *Id.* at *9. Since the breach of contract counterclaim was filed more than a year after liability accrued, it was time-barred under the policies' one-year time limitation provision. *Id.* at *9. Thus, the Court granted GEICO's motion for partial summary judgment on Count III.

As to the claim for the breach of the implied covenant of good faith and fair dealing, the Court held that this claim was also time-barred with respect to the allegedly negligent and/or inadequate investigation and failure to promptly conclude its investigation. *Id.* at *10. However, Mandel's claim that GEICO breached the implied covenant of good faith and fair dealing by commencing the instant action was not time-barred because GEICO filed this lawsuit in May 2019 and the counterclaim was filed less than a year later in July. *Id.* at *10.

Mandel now seeks summary judgment on his sole remaining counterclaim for breach of the implied covenant of good faith and fair dealing based on GEICO's commencement of the instant action. DE 21-1. GEICO seeks summary judgment dismissing Mandel's sole remaining counterclaim and a declaration that GEICO has no further legal obligations as to the vessel's starboard and port engines. DE 22-1 at 2.

*Standard of Review*

These cross-motions for summary judgment are decided under the oft-repeated and well understood standard for review of such matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd sub nom. Bartels v. Schwarz*, 643 F. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein.

*Discussion*

"A covenant of good faith and fair dealing is implicit in every insurance contract and encompasses not only any promise that a reasonable promisee would understand to be included, but also that 'a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims.'" *Roemer v. Allstate Indem. Ins. Co.*, 163 A.D.3d 1324, 1325–26 (2018) (quoting *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 (1995)). A *prima facie* case of bad faith requires showing a "gross disregard" of the insured's interests. *Id.* (citing *Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 453 (1993)). "[T]here remains a strong presumption in New York against a finding of bad faith liability by an insurer . . . [which] can be rebutted only by evidence establishing that the insurer's refusal to defend was based on 'more than an arguable difference of opinion' and exhibited 'a gross disregard for its policy obligations.'" *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 624–25 (2d Cir. 2001) (quoting *Sukup v. State*, 19 N.Y.2d 519, 522 (1967)).

Under New York law, "An appraisal shall determine the actual cash value, the replacement cost, the extent of the loss or damage and the amount of the loss or damage which shall be determined as specified in the policy and shall proceed pursuant to the terms of the applicable appraisal clause or the insurance policy and not as an arbitration." N.Y. Ins. L. § 3408(c). New York public policy favors an appraisal over a trial on damages. *See Zarour v. Pac. Indem. Co.*, 113 F. Supp. 3d 711, 715 (S.D.N.Y. 2015). The appraisal demand must occur within a "reasonable" time. *See Amerex Grp., Inc. v. Lexington Ins. Co.*, 678 F.3d 193, 200 (2d Cir. 2012). To evaluate the timeliness of an appraisal demand, the Court considers: "(1) whether the appraisal sought is 'impractical or impossible' (that is, whether granting an insurer's appraisal demand would result in prejudice to the insured party); (2) whether the parties engaged in good-faith

5

negotiations over valuation of the loss prior to the appraisal demand; and (3) whether an appraisal is desirable or necessary under the circumstances." *Milligan v. GEICO Gen. Ins. Co.*, No. CV 16-240 (JMA)(GRB), 2017 WL 9939046, at *10 (E.D.N.Y. July 14, 2017), *report and recommendation adopted*, No. 16-CV-240 (JMA)(GRB), 2018 WL 3632690 (E.D.N.Y. Mar. 31, 2018), *aff'd sub nom. Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146 (2d Cir. 2019) (quoting *Amerex Group, Inc.*, 678 F.3d at 201). However, "[i]t is well established that the scope of coverage provided by an insurance policy is a purely legal issue that cannot be determined by an appraisal, which is limited to factual disputes over the amount of loss for which an insurer is liable." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). "Questions over the extent of coverage and how to define the amount of loss also present legal questions of contract interpretation" for which appraisal is inappropriate. *Milligan*, 920 F.3d at 154.

Mandel claims GEICO initiated this action instead of an appraisal and rejected multiple settlement offers in order to "punish Mr. Mandel for attempting to get the insurance coverage he paid for." DE 21-1 at 6. Mandel argues that "coverage is not the issue," but rather whether "the final payment should have been for replacement cost of the engines or replacement of only the damaged cylinders[.]" *Id.* at 5. Thus, Mandel avers GEICO had no reasonable belief that the claims were not covered. *Id.* at 6.

Mandel's claim for breach of the implied covenant of good faith and fair dealing fails for a panoply of reasons. First, even if GEICO rejected Mandel's claim because the engine needed replacement, those claims were time-barred by the policies' one-year time limitation as found by this Court. 2020 WL 6318948 at *9. Mandel did not seek an appraisal within a reasonable time because the one-year deadline for submitting his claim had already passed. The cases Mandel cites that find timely appraisal do not involve time-barred claims. *See, e.g.*, *Amerex Grp., Inc.*, 678 F.3d

6

at 200-04.  As such, GEICO acted well within its rights by seeking a judicial declaration that it had no legal obligations with respect to the subject vessel's engines because they were time-barred under the policies.

Moreover, an appraisal is not the appropriate remedy here because the dispute turns on whether engine replacement constitutes an excludable "betterment" under the policies.  It is well-established that "[q]uestions over the extent of coverage and how to define the amount of loss [ ] present legal questions of contract interpretation" for which appraisal is inappropriate.  *Milligan*, 920 F.3d at 154.  Similarly, Mandel fails to rebut the presumption against finding bad faith because GEICO had an arguable basis for denial since engine replacement is arguably an excludable "betterment" under the policies.  2020 WL 6318948 at *3–4; *see Hugo Boss Fashions, Inc.*, 252 F.3d at 624–25 (2d Cir. 2001) (insurer's refusal must be based on "more than an arguable difference of opinion").

For these reasons, the Court grants GEICO summary judgment on Mandel's sole remaining counterclaim for breach of the implied covenant of good faith and fair dealing, and finds that GEICO Marine has no further obligations to Mandel under the insurance policies or at law with respect to claims involving the vessel's starboard and port engines.

7

*Conclusion*

For the foregoing reasons, Mandel's motion for summary judgment is DENIED and GEICO's motion for summary judgment is GRANTED.  The Clerk of Court is directed to enter judgment for plaintiff and close the case.

**SO ORDERED.**

Dated: March 10, 2023
       Central Islip, New York

     /s/ Gary R. Brown
     HON. GARY R. BROWN
     UNITED STATES DISTRICT JUDGE